## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

**ERNEST BOGGS,**

    **Plaintiffs,**

**v.**                                                                             **No.: _____**

**MINGUA BROS. JERKY,**                          **FLSA COLLECTIVE ACTION**
**INC. d/b/a MINGUA BEEF JERKY**
**and RONALD MINGUA,**
                                                                                    **JURY DEMANDED**
    **Defendants.**

## COMPLAINT

PLAINTIFF, Ernest Boggs (hereinafter "Plaintiff"), brings this action against the Defendants and would state and show unto the Court as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) and 28 U.S.C. §1337.  The Court has personal jurisdiction over the Defendant, who does business in Paris, Kentucky.

3. Venue lies in the Eastern District of Kentucky, pursuant to 28 U.S.C. §1391, because Defendants reside and do business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Defendant Mingua Bros. Jerky, Inc. d/b/a Mingua Bros. Jerky (hereafter "Defendant Mingau Bros.)  During his employment with Defendant Mingua

Bros., he was a covered employee under the FLSA.

5. Defendant Mingua Bros. is a covered "employer" under the FLSA and is engaged in a commercial enterprise. Defendant Mingua Bros. is a Kentucky corporation with a principal place of business at 1360 Bethlehem Rd., Paris, Kentucky 40361 and may be served with process through its registered agent Ronald Mingua 1360 Bethlehem Rd., Paris, KY 40361.

6. Defendant Ronald Mingua, at all times material hereto, has served as an administrator/manager for Defendant Mingua Bros. and acted directly/indirectly in the interest and on behalf of Defendant Mingua Bros. with regard to Plaintiff. Defendant Ronald Mingua supervised/managed Plaintiff and is responsible in whole or in part for the violations of the FLSA discussed herein.

7. Defendant Mingua Bros. and Defendant Ronald Mingua will be collectively referred to as "Defendants."

## II.  INTRODUCTION

8. Plaintiff brings this claim individually under the FLSA, 29 U.S.C. §216(b) because he was denied proper overtime compensation.

## III.  FACTUAL BASIS FOR SUIT

9. Plaintiff is a former employee of Defendants. During Plaintiff's employment, Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

10. Plaintiff was entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

11. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less

than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

12. When Plaintiff worked more than forty (40) hours during a week, Defendants did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. §778.107.

13. Defendants' failure to pay Plaintiff overtime wages is a willful violation of the FLSA.

14. Defendants are unable to bear their "substantial burden" of showing that their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## IV. CAUSES OF ACTION

15. The forgoing facts are incorporated by reference as if fully stated herein.

16. Plaintiff brings the following claims against Defendants.

    A. Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

    B. Plaintiff demands a jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray for the following relief:

17. A declaratory judgment that Defendants violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to Plaintiff;

18. A declaratory judgment that Defendants' violations of the FLSA were willful.

19. An award to Plaintiff of damages in the amount of unpaid overtime compensation to be

proven at trial.

20.     An award to Plaintiff of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b);

21.     An award to Plaintiff of reasonable attorneys fees and costs, pursuant to 29 U.S.C. §216(b); and

22.     An award of such other and further legal and equitable relief as may be appropriate.

                Respectfully submitted,

                DYKEMAN & ROSENTHAL

                s/ Matthew S. Goeing
                MATTHEW S. GOEING
                31 West Hickman Street
                Winchester, KY  40391
                Telephone: (859) 745-2870
                Facsimile: (859) 745-0511